IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOSE L. CINTRON,

          Petitioner,

v.                                        Civil Action No. 5:09CV103
                                          Criminal Action No. 5:99CR51
UNITED STATES OF AMERICA,                            (STAMP)

          Respondent.


### MEMORANDUM OPINION AND ORDER
### AFFIRMING AND ADOPTING REPORT AND
### RECOMMENDATION OF MAGISTRATE JUDGE AND
### DENYING THE PETITIONER'S WRIT OF CORAM NOBIS

### I.  Background

     Jose L. Cintron, the petitioner in the above-styled civil
action, filed a pro se[1] petition for a "Writ of Habeas Corpus, 28
U.S.C. § 1651, Petition the Court For a Downward Departure of
Federal Sentence § 3553(b), U.S.S.G. § 5K2.0," in which he argues
that there are mitigating circumstances that would warrant a
downward departure in his case.  The petitioner attached an exhibit
entitled "memorandum in support of request for compassionate
release."  The next day, the United States filed a motion to
dismiss the petition, arguing that the petitioner is barred from
filing this petition because he previously filed a petition for
habeas corpus pursuant to 28 U.S.C. § 2255.  The United States

_____

     [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 2009).

further argued that a writ of error coram nobis is inappropriate because the petitioner is still incarcerated.

Nine days after filing the petition in his civil case, the petitioner filed a petition in his criminal case titled, "Writ of Habeas Corpus, 28 U.S.C. § 1651, Challenging Jurisdiction, 28 U.S.C. Rule 60(A)(b) One(1) Through Six(6)." This petition alleges violations of his constitutional rights. He first argues that the prosecutors forum shopped and his case should have been brought in the state courts. He next argues that the federal grand jury "formed a defective indictment." Thirdly, Cintron argues prosecutorial misconduct by the Assistant United States Attorney. He argues that the probation office violated his due process rights and equal protection because of a lack of jurisdiction. He further contends that this Court committed plain error under Federal Rule of Criminal Procedure 52(b) because this Court lacked subject matter jurisdiction. He additionally claims ineffective assistance of counsel. Finally, he contends that his guilty plea was not entered knowingly, voluntarily, intelligently, and competently.

The civil action was referred to United States Magistrate Judge John S. Kaull for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The magistrate judge entered a report and recommendation, recommending that the petitioner's petition in his civil action be construed as a petition for a writ of error coram nobis, that the respondent's

motion to dismiss be granted, that the plaintiff's motion for an extension of time to pay the filing fee be denied as moot, and that this civil action be dismissed with prejudice from the active docket of this Court. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner did not file objections. Instead, the petitioner filed a late response to the government's motion to dismiss. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge in the civil action must be affirmed and adopted in its entirety and that the petitioner's petition filed in his criminal action must be denied.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file

objections, this Court reviews the report and recommendation of the magistrate judge for clear error.[2]

## III. Discussion

### A. Civil Action Petition

#### 1. Writ of Error Coram Nobis

A court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief is available." In re McDonald, 88 F. App'x. 648, 649 (4th Cir. 2004) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 509-11 (1954)). The writ of error coram nobis is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." United States v. Denedo, 129 S. Ct. 2213, 2221 (2009). The availability of this writ is limited to "extraordinary cases presenting circumstances compelling its use to achieve justice" and where habeas corpus is not available. Id. at 2220 (internal citations omitted). Further, a writ of error coram nobis is available only when the applicant is not incarcerated. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001).

---

[2]This Court does not consider the petitioner's response to the government's motion to dismiss as objections to the magistrate judge's report and recommendation. However, even if this Court reviewed the petitioner's case de novo, the petitioner's response is without merit and this Court would still find that the magistrate judge's report and recommendation must be affirmed and adopted in its entirety.

This Court finds that the petitioner cannot qualify for the extraordinary writ of error coram nobis. The petitioner is challenging the proceeding for which he is currently in custody. Moreover, the petitioner has not shown that a more usual remedy, such as habeas corpus is unavailable. The challenges that the petitioner raises in his petition could have been raised in a petition for habeas corpus pursuant to 28 U.S.C. § 2255 or by direct appeal to the United States Court of Appeals for the Fourth Circuit. The petitioner is barred from bringing these claim pursuant to a habeas corpus petition pursuant to 28 U.S.C. § 2255 because he previously filed a motion to vacate pursuant to 28 U.S.C. § 2255 on August 1, 2002, which this Court denied on the merits. Finally, this Court agrees with the magistrate judge that the petitioner does not have a remedy under the All Writ Act because he is barred from seeking further relief pursuant to § 2255. In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).

> 2. Compassionate Release

The United States Code authorizes a court to modify an imposed term of imprisonment under certain circumstances. The United States Code provides, in relevant part, that

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons
warrant such a reduction; or

(ii) the defendant is at least 70 years of
age, has served at least 30 years in prison,
pursuant to a sentence imposed under section
3559(c), for the offense or offenses for which
the defendant is currently imprisoned, and a
determination has been made by the Director of
the Bureau of Prisons that the defendant is
not a danger to the safety of any other person
or the community, as provided under section
3142(g);

and that such a reduction is consistent with applicable
policy statements issued by the Sentencing Commission
. . . .

18 U.S.C. § 3582(c)(1)(A).

Thus, in addition to the presence of extraordinary and compelling circumstances, a motion to reduce the petitioner's sentence must be filed by the Bureau of Prisons ("BOP"). In this case, the BOP has not filed such a motion. Accordingly, this Court need not consider whether the petitioner has set forth extraordinary and compelling circumstances warranting a reduction in his sentence because in the absence of a motion by the BOP, this Court lacks authority to grant a compassionate release.

B.    Criminal Action Petition

The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995). In United States v. Winestock, 340 F.3d 200 (4th Cir.

2003), the Fourth Circuit further mandated that "district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>Id.</u> at 206 (citing <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The <u>Winestock</u> court also described the method that courts should use to distinguish a proper motion under Rule 60(b) from a "'successive [application] in 60(b)'s clothing.'" <u>Id.</u> at 207 (quoting <u>Lazo v. United States</u>, 314 F.3d 571, 573 (11th Cir. 2002) (<u>per curiam</u>)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

<u>Id.</u>

In this case, the defendant's Rule 60(b) motion is challenging the legality of his sentence and not seeking to remedy a defect in the collateral review process. Specifically, in his Rule 60(b)

motion, the defendant attacks his conviction by claiming that: (1) the prosecutors forum shopped; (2) the federal grand jury "formed a defective indictment; (3) the Assistant United States Attorney engaged in prosecutorial misconduct; (4) the probation office violated his constitutional rights because of lack of subject matter jurisdiction; (5) this Court lacked subject matter jurisdiction; (6) his counsel was ineffective; and (7) he did not knowingly, voluntarily, intelligently, and competently enter his guilty plea. The defendant, therefore, is directly attacking his conviction and sentence in a manner that amounts to an appeal of the decision on his motions for habeas relief rather than a defect in the collateral review process. Thus, the defendant's claims cannot stand unless properly brought after receiving a certificate of appealability or permission to file a successive § 2255 motion. For this reason, the defendant's petition for relief from judgment pursuant to Rule 60(b) and the All Writs Act must be denied.

## IV.  Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the petitioner's petition filed in his civil case is CONSTRUED as a petition for a writ of error coram nobis, the respondent's motion to dismiss is GRANTED, the plaintiff's motion for an extension of time to pay the filing fee is DENIED AS MOOT.

Further, the petitioner's petition filed in his criminal case is DENIED for the same reasons. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court with respect to the petitioner's petition filed in his civil case.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit as to the petition filed in the petitioner's criminal case, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within fourteen days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.

DATED:    June 17, 2010


                              /s/ Frederick P. Stamp, Jr
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE